O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| LUIS ROSALES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>Defendant. | ) | Case No. EDCV 11-00459-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Luis Rosales seeks judicial review of the Social Security Commissioner's denial of his application for Supplemental Security Income benefits("SSI"). For the reasons stated below, the decision of the Commissioner is affirmed and this action is dismissed with prejudice.

**I. <u>Facts and Procedural Background</u>**

Plaintiff was born on November 17, 1982 and was 27 years old at the time of the administrative hearing. He completed tenth grade and has worked at a fast food restaurant, as a Salvation Army clerk, and as an aircraft parts assembler. (Administrative Record ("AR") at 76, 93.) Plaintiff filed an application for SSI on

January 9, 2009, alleging disability as of July 2, 2008, due to an ulcer condition causing stomach pain and frequent bowel movements. (AR at 76-79, 88-93.) His application was denied initially and upon reconsideration. (AR at 40, 47.) An administrative hearing was held on June 7, 2010, before Administrative Law Judge ("ALJ") F. Keith Varni. (AR at 22-37.) Plaintiff was represented by counsel and testified on his own behalf.

ALJ Varni issued an unfavorable decision on July 16, 2010. (AR at 10-16.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application and suffered from the following medically determinable impairments: ulcer condition, depression, and substance addiction disorder. (AR at 12.) However, the ALJ found that none of these impairments, alone or in combination, was severe within the meaning of the Social Security regulations because they did not significantly limit his ability to perform basic work activities. (AR at 12-13.) Accordingly, the ALJ concluded that Plaintiff was not disabled.

The Appeals Council denied review on March 2, 2011, and Plaintiff commenced this action on April 5, 2011. Plaintiff contends that the ALJ (1) failed to afford proper consideration to a treating physician's opinion that Plaintiff could not work, and (2) erred in finding that his medical impairments were not severe. (Joint Stip. at 2-3.)

## II. <u>Standard of Review</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on

legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. <u>Discussion</u>

### A. The ALJ Properly Considered Dr. Albano's Opinion

Plaintiff contends that the ALJ improperly rejected an opinion of his treating physician, Dr. Felix Albano, that he is unable to work. (Joint Stip. at 3.) On September 14, 2009, Dr. Albano filled out the "Statement of Provider" section of a one-page California Health and Human Services form entitled "Authorization to Release Medical Information." (AR at 228.) He checked a "Yes" box indicating that Plaintiff has "a medically verifiable condition that limits performance of certain tasks." He further indicated, again by checking a box, that Plaintiff's condition was chronic and

that Plaintiff was seeking treatment. Dr. Albano checked the “No" box when asked if Plaintiff was able to work. (Id.) Although the ALJ considered Dr. Albano’s treatment notes, adopted Dr. Albano’s diagnosis that Plaintiff suffered from an ulcer condition, and noted that he had reviewed all of the medical evidence, including the check-box form, (AR at 12, 14-15), the ALJ did not specifically discuss the check-box form. Plaintiff argues that this was reversible error.

A treating physician's medically supported opinion regarding the nature and severity of a disability claimant's impairments is generally given great weight. 20 C.F.R. § 404.1527(d)(2); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even if a treating doctor's opinion is contradicted, an ALJ may disregard it only by giving specific and legitimate reasons for doing so that are supported by substantial evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Reddick*, 157 at 725.

Nonetheless, the ultimate determination of disability (*i.e.* whether a claimant can perform work in the national economy) rests solely with the Commissioner, and a physician's statement that a claimant is "unable to work" is not entitled to special weight. 20 C.F.R. 416.927(e); *see Tonapetyan*, 242 F.3d at 1148-49 (ALJ not bound by opinion of treating physician with respect to ultimate determination of disability); *Martinez v. Astrue*, 261 Fed.Appx 33, 35 (9th Cir. 2007) ("[T]he opinion that [the claimant] is unable to work is not a medical opinion...[and] is therefore not accorded the weight of a medical opinion."). Moreover, an ALJ need not accept the opinion of any medical source, including a treating medical

source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan* 242 F.3d at 1149.

Here, the single check-box form is precisely the type of conclusory statement afforded no special weight in accordance with the Social Security regulations. Dr. Albano checked the box while filling out a single-page form authorizing release of Plaintiff's medical records to a state agency. The form offers no explanation as to what Plaintiff's medical impairments are and no description of why or how his impairment prevents him from working. Moreover, the ALJ correctly noted that Dr. Albano's no-work statement was contradicted by the routine, conservative treatment he provided, which consisted of routine check-ups and no indication of any functional limitations. (*See* AR at 168-80, 210-26.) In addition, the check-box form reflects an opinion by Plaintiff's doctor on an issue reserved to the Commissioner, and as such, it is not entitled to special weight. *Thomas*, 278 F.3d at 957. Finally, the ALJ is charged with summarizing the relevant medical evidence and is not required "to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citing *Black v. Apfel*, 143 F.3d 383 (8th Cir. 1998)). The ALJ's explicit notation that he considered the single-page form, along with his explanation of why the medical records did not support a "no-work" finding, were sufficient and supported by substantial evidence. Accordingly, the ALJ properly considered Dr. Albano's medical opinions as reflected throughout the record, and reversal is not warranted on this claim of error.

//

**B. The ALJ Properly Concluded that Plaintiff's Impairments Were Not Severe**

As described above, the ALJ concluded at step two of the sequential disability analysis that Plaintiff's medically determinable impairments, alone or in combination, were not severe within the meaning of the Social Security regulations because they did not limit Plaintiff's ability to perform work related activities. (AR at 12.) Plaintiff argues that this was error because he has been hospitalized and is under the care of Dr. Albano for his ulcer condition, has been diagnosed with depression and/or schizophrenia, and was described by state agency physicians as moderately limited in several mental capacity areas. (Joint Stip. at 9-13.) I find that the ALJ's non-severity finding was supported by substantial evidence.

A claimant for disability benefits has the burden of producing evidence to demonstrate that he or she was disabled within the relevant time period. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. *Id*. The inquiry at this stage is "a de

minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). To determine whether the ALJ erred in making his non-severity finding, I must examine "whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ provided several reasons for finding that Plaintiff's physical and mental impairments were not severe. First, the ALJ concluded that Plaintiff's subjective symptom testimony was not fully credible because Plaintiff tended to exaggerate his symptoms, was able to care for his two-year old daughter in physically and mentally demanding ways, provided conflicting information, and failed to comply with medications, signaling that his symptoms were not as immobilizing as he alleged. (AR at 13-14.) Plaintiff does not contest this finding.

In addition to rejecting Plaintiff's credibility, the ALJ concluded that Plaintiff's medical records reflected only routine, conservative treatment for his ulcer condition, which the ALJ concluded was "quite stable" with medication. This conclusion is supported by the evidence: aside from medical records from a 2008 hospital stay, (AR at 133-69), Plaintiff's medical records are quite sparse and consist of medical appointments involving routine follow-up care and medication refills every two to four months. (AR

at 168-80, 210-26.) Other than noting that Plaintiff reported frequent bowel movements on one occasion, (AR at 176), Plaintiff's primary care physician never described or noted specific functional limitations stemming from his ulcer condition. Given the absence of objective evidence supporting a severity finding, the ALJ placed significant weight on the state agency physicians who reviewed the evidence of Plaintiff's physical impairment and concluded that it was not severe. (AR at 131-32, 206-07.)

The ALJ also considered whether Plaintiff's mental diagnoses, in conjunction with his physical impairment, resulted in restrictions on work activity, but concluded that they did not. In so finding, the ALJ reasoned that there was scant evidence of a mental impairment, and gave little weight to the state agency psychiatrist's opinion that Plaintiff has several moderate mental limitations for that reason. (AR at 15-16.)

This too is supported by substantial evidence. In the entire record, there is only a single page treatment record from a mental health source. (AR at 189, 200.) That page indicates that Plaintiff went to a mental health crisis walk in clinic on one occasion, where he reported hearing voices, paranoia, insomnia, and racing thoughts, but was not suicidal or homicidal. He was provided a trial of Seroquel and released. (Id.) Although his primary care physician appears to have provided Seroquel refills several times there is no evidence that Plaintiff was being treated by a mental health practitioner, and no evidence of mental limitations affecting Plaintiff's ability to perform work. Although Plaintiff seems to assert a subclaim that the ALJ failed to develop the record after Plaintiff reported seeing a psychiatrist every 30

days, (Joint Stip. at 13-14), that claim is without merit because it appears no additional records exist. Even at this late stage of proceedings, Plaintiff does not present any evidence that he has been treated by a mental health practitioner aside from the single visit to a crisis clinic. In other words, Plaintiff has not to come forward with any new information suggesting that the record was ambiguous or not fully developed at the time the ALJ made his decision.

In sum, the ALJ's decision that Plaintiff does not suffer from a severe impairment is supported by substantial evidence because the medical record clearly indicates that Plaintiff has received routine treatment for conditions that are adequately controlled with medication, resulting in his medical impairments having no "more than a minimal effect on [his] ability to perform basic work activities." *Smolen*, 80 F.3d at 1290. Accordingly, the ALJ's decision was legally correct and is supported by substantial evidence.

**IV. <u>Order</u>**

The decision of the Commissioner affirmed and this matter is dismissed with prejudice.

Dated: October 7, 2011

MARC L. GOLDMAN

Marc L. Goldman
United States Magistrate Judge